[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12120
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00363-TWT-RGV-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PASCUAL MARROQUIN-ALVAREZ,
a.k.a. Musico,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 2, 2011)

Before EDMONDSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Pascual Marroquin-Alvarez ("Marroquin") appeals his 235-month total sentence, imposed within the applicable guideline range, after pleading guilty to conspiracy to possess with intent to distribute cocaine and substantive cocaine possession, pursuant to 21 U.S.C. §§ 841(a)(1) and 846. Following his plea of guilty to his involvement in a large-scale cocaine distribution conspiracy, the pre-sentence investigation report ("PSI") alleged that, as the individual responsible for receiving and unloading the cocaine shipments, Marroquin acted in a managerial role. Marroquin objected, but the district court overruled his objection at sentencing after a government witness testified to Marroquin's role. On appeal, Marroquin argues that the district court erred in applying a three-level managerial role enhancement. After thorough review, we affirm.

We review the district court's decision to apply an aggravating role enhancement for clear error. United States v. Poirier, 321 F.3d 1024, 1036 (11th Cir. 2003). When reviewing for clear error, we will not reverse unless left with a "definite and firm conviction that a mistake has been committed." Id. at 1035 (quotation omitted). When a defendant objects to a fact in the PSI, this requires the government

2

to prove the disputed fact by a preponderance of the evidence. See United States v. Martinez, 584 F.3d 1022, 1027 (11th Cir. 2009).

Where "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," sentencing courts should apply a three-level enhancement. U.S.S.G. § 3B1.1(b). Thus, two elements must be met: (1) the defendant must be a manager or supervisor; and (2) the conspiracy must involve five or more people or be otherwise extensive.

In evaluating whether a defendant played a managerial (or leadership) role, the commentary to § 3B1.1 states that the court should consider: (1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment. (n.4). All of these considerations need not be present in any one case. Martinez, 584 F.3d at 1026.

A § 3B1.1 enhancement is appropriate as long as the defendant led, organized, managed, or supervised "at least one other participant in the crime." United States v. Campa, 529 F.3d 980, 1013 (11th Cir. 2008) (quotation omitted); U.S.S.G. §

3B1.1, comment. (n.2). A role enhancement requires that "the defendant exerted some control, influence[,] or decision-making authority over another participant in the criminal activity." Martinez, 584 F.3d at 1026. Thus, a defendant's management of assets of the conspiracy, on its own, is insufficient to support a § 3B1.1 enhancement. Id.

In Martinez, upon which both parties rely in part, the defendant admitted at his plea hearing that he "orchestrated the weekly shipment" of drugs through the mail, and "utilized others" to help him. Id. at 1024. The PSI used this admission to support a leadership enhancement, adding that he enlisted family members to assist him. Id. The defendant objected to a leadership enhancement and the supporting factual allegation, but the government introduced no evidence supporting its position at sentencing. Id. at 1024-25. The district court summarily overruled the objection. Id. at 1025.

We held that the defendant's plea hearing admissions to orchestrating drug shipments did not, on their own, show by a preponderance of evidence that he acted as a leader. Id. at 1027-28. In doing so, we noted that in the absence of a government sentencing presentation, there was no undisputed evidence that the defendant exercised authority over any co-conspirators, and the admission to "orchestrat[ing],"

4

on its own, did not suggest that the defendant managed the transaction. Id. at 1028-29.

The record here shows that the evidence the government provided at sentencing corroborated the factual allegations in the PSI and supported the inference that Marroquin was not only the manager of the cocaine itself during the unloading and receiving phase of the conspiracy, but also the manager of any co-conspirators also involved in that task. We note that Marroquin presented no evidence of his own to rebut this inference. Accordingly, we hold that the district court did not clearly err in finding that Marroquin played a managerial role in the conspiracy, and applying a corresponding three-level enhancement.

**AFFIRMED.**